UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JEREMY EVAN ELLIOTT, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:18-cv-00449-JAW |
| RALPH NORWOOD, et al., | ) ) ) | |
| Defendants | ) | |

| | | |
|---|---|---|
| JEREMY EVAN ELLIOTT, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:18-cv-00450-JAW |
| PENOBSCOT COUNTY JAIL HEALTH AND MEDICAL DEPT., | ) ) ) ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF
COMPLAINTS PURSUANT TO 28 U.S.C. §§ 1915(E), 1915A**

In these two related actions, Plaintiff alleges he was assaulted by corrections officers while he was incarcerated at the Penobscot County Jail. He also asserts that medical personnel were deliberately indifferent to his medical needs. On October 24, 2018, Plaintiff filed a complaint against the officers and the jail administration (18-cv-00449, ECF No. 1), and a separate complaint against the medical staff at the jail.[1] (18-cv-00450,

---

[1] Although the matters have not been consolidated, because the allegations in each are related and provide context for each case, I concluded it was more efficient to address Plaintiff's claims in a consolidated recommended decision.

ECF No. 1.)Plaintiff filed applications to proceed in forma pauperis (ECF No. 2), which applications the Court granted. (ECF No. 4.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaints is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaints are subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaints, I recommend that unless Plaintiff amends the complaints to assert facts that would support an actionable claim, the Court dismiss Plaintiff's complaints without prejudice.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaints are subject to a review under the Prison Litigation Reform Act because Plaintiff currently is

incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A review requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## BACKGROUND[2]

Plaintiff alleges he was assaulted on July 26, 2014, while he was incarcerated at the Penobscot County Jail. (18-cv-00449 ECF No. 1-1, 1-3.) Plaintiff claims the assault constitutes "excessive force" and "torture" by Corrections Officers Wintle and Norwood, defendants in 1:18-cv-449-JAW, in violation of the Eighth Amendment prohibition against cruel and unusual punishment. (18-cv-00449 ECF No. 1-1, 1-3, 1-4.)

Plaintiff also alleges that a number of other individuals acted with deliberate indifference to Plaintiff's constitutional rights. According to Plaintiff, Sergeant John Nutall, a defendant in 1:18-cv-449-JAW, demonstrated deliberate indifference when he failed to provide relief from Plaintiff's assailants and in fact sent Defendants Wintle and Norwood with Plaintiff to the hospital. (18-cv-00449 ECF No. 1-2.) Plaintiff further alleges Defendant Nutall otherwise failed to report properly the events and follow jail protocols for incidents involving bodily injury. (*Id.*) Lieutenant Golden also allegedly failed to report properly the events and follow jail protocol for incidents resulting in bodily injury and failed to provide Plaintiff a safe environment in which to discuss the assault. (18-cv-00449 ECF No. 1-5.) Plaintiff further alleges that the jail's medical providers failed to report properly the events and follow protocol for incidents resulting in bodily injury. (18-cv-00450 ECF No. 1 at 4.) Plaintiff alleges that on January 2, 2018, after an attorney-client meeting at Penobscot County Jail, Defendant Norwood threatened Plaintiff. (*Id.* at 2.)

---

[2] The facts are derived from Plaintiff's complaints and attachments, which factual statements are taken as true for purposes of reviewing Plaintiff's complaints.

4

## DISCUSSION

The federal civil rights statute, 42 U.S.C. § 1983, permits a plaintiff to file an action in federal court against any person who has acted under color of state law to deprive the plaintiff of a federal right. *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005). The defendants identified in Plaintiff's complaints qualify as state actors subject to suit under section 1983. The issue is whether Plaintiff has alleged sufficient facts to state an actionable claim for the deprivation of a federal right.

### A.  The Eighth Amendment Claims

The Eighth Amendment to the United States Constitution, which applies to the states via the Fourteenth Amendment, prohibits excessive bail, excessive fines, and the infliction of cruel and unusual punishments. U.S. Const. amend. VIII. A punishment is cruel and unusual if it involves the unnecessary and wanton infliction of pain. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The question whether a particular use of force "inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 – 7 (1992) (internal quotations marks omitted).

Plaintiff has not alleged any facts regarding the circumstances of the alleged assault, nor has he described in any meaningful way the force that was allegedly used. Instead, Plaintiff refers to "excessive force," "torture," "heinous battery" and "heinous assault" without any factual context. (Complaint, ECF Nos. 1-3, 1-4, 1-5.) In other words, Plaintiff has only offered "labels and conclusions" and has not "plead[ ] factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[3] Because Plaintiff has failed to allege a factual basis for his excessive force claim, he also has not asserted a basis for a deliberate indifference claim against the defendants he contends failed to respond appropriately to the alleged use of force.

Plaintiff's Eighth Amendment claim against the medical providers is similarly flawed. The Eighth Amendment imposes on state actors the "substantive obligation" not to treat prisoners in their care in a manner that reflects "deliberate indifference" toward "a substantial risk of serious harm to health," *Coscia v. Town of Pembroke*, 659 F.3d 37, 39 (1st Cir. 2011), or "serious medical needs," *Feeney v. Corr. Med. Servs.*, 464 F.3d 158, 161 (1st Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 – 106 (1976)). Plaintiff has not alleged any facts to support a plausible claim of deliberate indifference against the providers. For instance, he had not identified the specific medical personnel with whom he sought treatment, the conditions for which he sought treatment, the treatment, if any, that was provided, or the treatment he contends should have been, but was not provided. Rather, Plaintiff has referenced generally the responsibilities of medical personnel in the jail, the failure of the personnel to serve the best interests of the patients, and the fact medical personnel stopped providing assistance from social workers. (Complaint at PageID

---

[3] Plaintiff at times references the Due Process Clause of the Fourteenth Amendment. The Due Process Clause is sometimes the source of protection against the use of excessive force and against deliberate indifference to medical needs, including during pretrial detention. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475, 192 L. Ed. 2d 416 (2015) (discussing reduced protections for convicted prisoners as compared to pretrial detainees). Any difference between the protections provided by the Eighth Amendment and the Due Process Clause, however, are irrelevant at this stage because the complaints' factual deficits are fatal to his claims under either provision.

6

# 4, 18-cv-00450, ECF No. 1.) The general allegations do not permit a reasonable inference that any of the defendants is legally liable for the alleged conduct. *Iqbal*, 556 U.S. at 678.

**B.     The First Amendment Claims**

Plaintiff's allegations regarding a possible First Amendment violation also fail to state an actionable claim. Among the rights guaranteed by the First Amendment, made applicable to the states via the Fourteenth amendment, are a person's "freedom of speech" and the right to "petition the Government for a redress of grievances." U.S. Const. amend. I. Under this protection, government actors may not suppress protected speech through formal penalties such as arrest or prosecution, or through informal sanctions like "the threat of invoking legal sanctions and other means of coercion, persuasion, and intimidation . . . ." *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 67 (1963); *see also, White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000); *Zieper v. Metzinger*, 62 F. App'x 383, 386 (2d Cir. 2003). A prisoner must show that "inmates of 'ordinary firmness' would be deterred" from exercising or continuing to exercise their rights. *See Starr v. Dube*, 334 F. App'x 341, 343 (1st Cir. 2009) (quoting *Pittman v. Tucker*, 213 Fed.App'x. 867, 871-72 (11th Cir.2007)).

Although Plaintiff asserts that a threat was made following an attorney-client meeting at the jail, Plaintiff has not alleged the substance of the threat, nor has he alleged any facts from which one could reasonably infer that the threat was made in response to Plaintiff's assertion of a right protected by the First Amendment. Plaintiff has only offered a "threadbare recital[ ] of a cause of action . . . supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## C. Supervisory Liability

Because Plaintiff has not adequately alleged an underlying violation of his rights by any of the corrections officers or medical personnel, Plaintiff has failed to assert an actionable deliberate indifference claim against the supervisory officers and the jail administration. *See Guadalupe-Baez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016) (describing the first element of such a claim as "one of the supervisor's subordinates abridged the plaintiff's constitutional rights").

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. §§ 1915 and 1915A, I conclude that Plaintiff has not alleged sufficient facts to support a claim against the named defendants in each action. If Plaintiff believes he can assert additional facts that would support an actionable claim, within the time for filing objections to this recommended decision (14 days), Plaintiff may amend his complaints. If Plaintiff does not, within the time for filing objections to this recommended decision (14 days), amend his complaints to assert an actionable claim against any of the defendants, I recommend the Court dismiss Plaintiff's complaints without prejudice.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of February, 2019.